UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| *In re:* | **MOTION FOR RELIEF FROM AUTOMATIC STAY AND CO-DEBTOR STAY** |
| Susannah R. Appelbaum, | |
| | Chapter 13 |
| | Case No. 17-35930-cgm |
| Debtor. | Hon. Chief Judge Cecelia G. Morris |

_____

   Bayview Loan Servicing, LLC (hereinafter "Bayview"), a secured creditor of the above-named Debtor, moves the above-entitled Court for an Order granting relief from the automatic stay and co-debtor stay pursuant to 11 U.S.C. §362(d)(1) and 11 U.S.C. §1301 to permit it to proceed with an action to foreclose its mortgage with respect to certain real property of the Debtor and Neil Serringer, commonly known as 360 Springtown Road, New Paltz, NY 12561, and more particularly described in a copy of a Consolidation, Extension, and Modification Agreement annexed hereto and made a part hereof as Exhibit "A," and awarding Bayview its attorney's fees and costs associated with the Motion.  As grounds for said Motion, it is hereby alleged as follows:

   1. On June 6, 2008, the Debtor and Neil Serringer (hereinafter "co-debtor") borrowed $430,550.00 from JPMorgan Chase Bank, N.A.  The indebtedness was evidenced by a note, which was secured by a mortgage on the aforesaid real property.  On December 15, 2011 the debtor and co-debtor borrowed $5,962.40 from JPMorgan

Chase Bank, N.A. The indebtedness was evidenced by a note, which was secured by a mortgage on the aforesaid real property.

2.  The aforementioned mortgages were consolidated to form a single lien in the amount of $407,000.00 by Consolidation, Extension and Modification Agreement. See attached copy of the Consolidation, Extension and Modification Agreement. The consolidated mortgage was assigned from JPMorgan Chase Bank, National Association to Bayview. A copy of the assignment is annexed hereto and made a part here of as Exhibit "B".

3.  Debtor filed a petition for relief under Chapter 13 of the United States Bankruptcy Code in this Court on May 29, 2017.

4.  According to the 362 worksheet executed by Lissette Gonzalez, a Bankruptcy Document Coordinator with Bayview, the Debtor was due for the June 1, 2017 through October 1, 2017, post-petition mortgage payments. A copy of said 362 worksheet is annexed hereto and made a part hereof as Exhibit "C".

5.  The total indebtedness was $584,098.36 as of October 16, 2017.

6.  Bayview also seeks relief for any installment that becomes due and is unpaid on the return date of this Motion. The foregoing does not represent any accrued late charges, corporate advances, escrow advances and any amount which may be due for costs and attorney fees which may be allowed by the Court.

7. Bayview may be required to advance the funds necessary to pay real property taxes or risk irreparable harm to its security interest as a result of Debtor's default.

8. By reason of the foregoing, Bayview, its servicing agent, nominees, successors and/or assigns should be permitted to take all necessary action to adequately protect its security interest.

9. It is requested that, in the event that an Order Granting Relief from the Automatic Stay and Co-Debtor Stay is granted, that such Order shall survive any conversion.

10. Bayview specifically requests permission from the Honorable court to communicate with the Debtor and Debtor's attorney to the extent necessary to comply with applicable non-bankruptcy law.

11. Bayview respectfully requests a waiver of the stay imposed by F.R.B.P. 4001(a)(3).

12. In the event that an Order Granting Relief from the Automatic Stay and Co-Debtor Stay is granted, the Trustee shall receive notice of any surplus monies received.

13. It is respectfully submitted that Bayview will be irreparably harmed by a continuation of the co-debtor stay.

**WHEREFORE**, Bayview Loan Servicing, LLC requests that this Court enter an Order granting Bayview, its servicing agent, nominees, successors and/or assigns relief from the automatic stay and co-debtor stay, together with Bayview's attorneys' fees and costs in the amount of $831.00 if settled conditionally and $631.00 if granted on default, and Bayview be granted permission to communicate with the Debtor and Debtor's counsel to the extent necessary to comply with applicable non-bankruptcy law, that in the event that an Order Granting Relief from the Automatic stay and Co-Debtor Stay is granted, that such Order shall survive any conversion, the Trustee shall receive notice of any surplus monies received and such other and further relief as the Court may deem just and proper.

Dated:  November 16, 2017        **SCHILLER, KNAPP, LEFKOWITZ**
                                              **& HERTZEL LLP**

                                     By:  __/s/Lisa Milas_____
                                           Lisa Milas, Esq.
                                           Schiller, Knapp, Lefkowitz & Hertzel, LLP
                                           Attorneys for Bayview Loan Servicing, LLC
                                           950 New Loudon Road
                                           Latham, New York 12110
                                           (518) 786-9069